JOHNSON AND WASH *versus* CHRISTIAN AND GOYNE.

In proceedings before Justices of the Peace, in cases of *forcible entry and detainer*, a party is entitled to the peremptory challenge of a juror. as in civil cases, in the Circuit or County Courts.

This action was originally commenced by the plaintiffs in error, before a Justice of the Peace, in Tuskaloosa county, for an unlawful detainer, by the defendants.

In the course of the trial, the defendants insisted on the right of a peremptory challenge to one of the jurors, which the magistrate refused. A verdict and judgment having been rendered in favor of the plaintiffs, the case was taken to the Circuit Court by *certiorari*, and reversed, on the ground, that the Justice erred in refusing the defendants the right of challenge. The plaintiffs took their writ of error to this Court; and assigned as cause for reversal, that the Circuit Court erred in its decision, in as much, as the acts of Assembly, giving the right of peremptory challenge to jurors, referred alone to trials in the Circuit and County Courts, and not to cases like the present.

ELLIS, for Plaintiffs.—The question in this case turns on the right of a Justice of the Peace to refuse to allow a peremptory challenge to a juror, in a trial for forcible entry and detainer. The act of 1820 only extended this privilege of peremptory challenge to parties litigant in the Circuit Court. It did not extend even to trials in the County Courts : to these, it was afterwards extended, by another act. The language of the law, though general, must be restricted to the subject matter of the statute, and that was, proceedings in the Circuit Courts.

That the unlimited construction is not the true one. is apparent from the consequences that would follow. We had an act which authorised a jury of seven persons, under certain circumstances. If you admit the privilege of peremptory challenge, as given by the act of 1820, to extend to cases of this kind, a majority of the jury might be excluded.

If arguments, from inconvenience, may be urged on. the other side, how much stronger are they on ours! We are not to expect by-standers at these trials, in the country. Suppose a jury set aside by peremptory challenge, and challenges for cause. In such a case, it would often be difficult, if not impossible, to obtain another jury.

STEWART, *contra.*—The act of 1820, is positive, and embraces " all jury trials." The words cannot be limited, in the manner contended for. The jury, spoken of by counsel, composed of seven men, however it may have been styled, does not come within the meaning of the term. A jury is composed of twelve men.

As to the reason of the case, there is more need of this privilege in trials in the country, under the management of the magistrate and constable, than where the jury are empanneled under the regulations of the Circuit Court. But the statute is full and explicit, and needs not the aid of this reasoning.

By Mr. Justice HITCHCOCK :

This was an action of *unlawful detainer*, brought by the plaintiffs in error against the defendants, before a Justice of the Peace in and for the county of Tuskaloosa. The case was tried by a jury, and a verdict was had in favor of the plaintiffs. It was taken by *certiorari* into the Circuit Court for that county ;

and was reversed upon an assignment, " that the justice refused to the defendants the right of peremptory challenge to one of the jurors." It has been brought into this Court by writ of error; and the only question is, whether in such a case, either party is entitled to a peremptory challenge.

By the 11th section of " an act to alter and enlarge the terms of the Circuit Courts of this State," passed December, 1820, it is enacted, " that in all jury-trials either party may and shall have the right to a peremptory challenge to four of the jury."

The counsel for the plaintiffs in error, contend, that by the Common Law, the right of peremptory challenge was confined to cases of treason and felony, and that *Justices of Nisi Prius* could not grant any *tales*, prior to the statute of 35 Henry VIII, chap. 6—that the Court in which this proceeding was had, is a Court of special and limited jurisdiction—that its proceedings are summary, and in derogation of the Common Law—that the act of 1805, giving this mode of proceeding, does not give the right of peremptory challenge; nor does it give the right to grant tales—that the act of 1820, is an act relating to the Circuit Court, and that therefore, the right of peremptory challenge given by it, should be confined to that Court—and that the Legislature must have so intended it; as in the next year they extended the same privilege, by act, to the County Court, which they would not have done, if they had considered the first act as extending to the juries in all the Courts.

The act of 1820, giving the right of peremptory challenge, is general in its terms. It says, " that in *all jury trials*, either party shall have the right," &c. The act is remedial in its character. It was intended to confer a right not known to the Common Law. It is, therefore, entitled to a liberal construction—so

as to "suppress the mischief, and advance the remedy." The jury contemplated by the act of 1805, comes within the mischief intended to be remedied, as much as any jury in the Circuit Court, if not much more. The power of the sheriff is much greater here, than in the empanneling of jurors for the Circuit Court; and there is no reason that can be offered, for extending the right of peremptory challenge in the Circuit Court, which does not immediately apply to a case of the kind now under consideration.

It is true, the title of the act in which this section is found, relates to the Circuit Court; but the title of an act does not control its provisions.[a] It may serve to explain a doubtful matter in an act, if its meaning cannot be otherwise ascertained; but it cannot be resorted to, to restrain, limit, or control, a plain and palpable enactment; and by reference to that act, it will be seen, that there are other matters contained in it, which do not, in the least, relate to the Circuit Court.

Neither does the Court consider the suggestion, that there is no power given by the act of 1805, to summon *tales*, any reason why the act of 1820 should not be extended to this case. By the Common Law,[b] if the jury did not attend, whether by reason of death, or other cause ; or if it be reduced by challenge, so that a sufficient number do not remain, the writ of *undecem decem* or *octo tales*, issued to force others into Court to try the issue; and the statute of 35 Henry VIII, was enacted, allowing the plaintiffs to pray a *tales de circumstantibus*, to prevent the delay of the *decem tales*. The statute of 35 Henry VIII, allowed the sheriff to summons the *by-standers* ; whereas, the Common Law required the jurors to come from the vicinage or neighborhood of the cause of action. At this day a summons of by-standers would be

[a] Bacon, title Statutes.

[b] Bacon, title Juries C.

good, without the statute. The power of filling up the jury is an indispensable incident to the right of trial by jury, and cannot be separated from it without destroying the value of the right itself.

That the Legislature, in the act of 1821, in re-organising the County Court, in one section of which, the right of peremptory challenge of four of the jury is secured to each party, is to be received as any evidence against the construction given, cannot be admitted. That act gave jurisdiction to the County Court in some cases, concurrent with the Circuit Court, and it also provided a jury for the Court; and without the clause in that act, giving the right of peremptory challenge, this Court would have had no difficulty in extending the provision of the act of 1820 to it.

Let the judgment of the Circuit Court, be affirmed.